**TREEHOUSE LAW, LLP**
Benjamin Heikali (SBN 307466)
Joshua Nassir (SBN 318344)
Ruhandy Glezakos (SBN 307473)
10250 Constellation Blvd., Suite 100
Los Angeles, CA 90067
Telephone: (310) 751-5948
bheikali@treehouselaw.com
jnassir@treehouselaw.com
rglezakos@treehouselaw.com

*Attorneys for Plaintiff and the Putative Classes*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joseph DiGiacinto, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EuroPharma, Inc.,<br><br>Defendant. | CASE NO.: 3:23-cv-00076<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Joseph DiGiacinto ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, brings this Class Action Complaint against EuroPharma, Inc. ("Defendant"), based upon personal knowledge as to himself, and upon information, investigation and belief of his counsel.

## SUMMARY OF THE ACTION

1. This class action seeks to challenge Defendant's false and deceptive practices in the labeling, marketing and sale of its Terry Naturally CuraMed Curcumin Supplements (the "Product(s)"[1]).

2. Specifically, Defendant has marketed and labeled the Products in a manner which

---
[1] The "Products" are defined further in Paragraph 17 below.

grossly overstates the amount of curcumin contained per serving of the Products. For example, in the 750 mg version of the Product, Defendant prominently promises "750 mg" of "Superior Absorption Curcumin" on the front label. Based on this representation, consumers expect that the product contains 750 mg of curcumin.

3. Despite this unequivocal representation, the Product only contains 500 mg of *curcuminoids*, with only a portion of that being *curcumin*. As such, the Product is falsely labeled and advertised.

4. The remaining Products suffer from the same false and deceptive labeling, as further outlined below.

5. Plaintiff and other class members purchased the Products and paid a premium price based upon their reliance on Defendant's front label representations. Had Plaintiff and Class members been aware that the Products do not contain the amount of curcumin per serving promised on the front labels, Plaintiff and Class members would not have purchased the Products or would have paid significantly less for them. Accordingly, Plaintiff and Class members have been injured by Defendant's deceptive business practices.

## PARTIES

**A.    Plaintiff**

6. Plaintiff DiGiacinto is a citizen of California and currently resides Cotati, California. In or around June 2022, Plaintiff purchased the Terry Naturally CuraMed Super Absorption Curcumin, 375 mg Product from Walmart in Santa Rosa, California. Based on the "375 mg" and "Superior Absorption Curcumin" claims on the front label, Plaintiff reasonably believed that the Product contained 375 mg of curcumin. Had he known that each serving of the Product did not contain 375 mg of curcumin, he would not have purchased the Product or would have paid substantially less for it.

7. Despite Defendant's misrepresentations, Plaintiff would purchase the Products, as advertised, if they did in fact contain the represented amount of curcumin per serving. Although Plaintiff regularly purchases dietary supplements, absent an injunction prohibiting Defendant's deceptive advertising, he will be unable to rely with confidence on Defendant's advertising of the

Products in the future.

8. Furthermore, while Plaintiff currently believes the Product does not contain the represented amount of curcumin per serving, he lacks personal knowledge as to Defendant's specific business practices, and he will not be able determine whether the Products actually contain the represented amount of curcumin per serving.

9. This leaves doubt in his mind as to the possibility that at some point in the future the Products could contain the represented amount of curcumin per serving. This uncertainty, coupled with his desire to purchase the Products, is an ongoing injury that can and would be rectified by an injunction enjoining Defendant from making the alleged misleading representations. In addition, absent an injunction, other Class members will continue to purchase the Products, reasonably but incorrectly, believing they contain the promised amount of curcumin per serving.

**B.     Defendant**

10. Defendant EuroPharma, Inc. is a corporation with its headquarters in Green Bay, Wisconsin. Defendant is responsible for the formulation, ingredients, manufacturing, marketing, labeling, packaging, and sale of the Products in the United States, including in this District.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d) in that: (1) this is a class action involving more than 100 Class members; (2) the parties are minimally diverse, as members of the proposed class are citizens of states different than Defendant's home state; and (3) the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

12. This Court has personal jurisdiction over Defendant because it conducts and transacts substantial business in California, and intentionally and purposefully placed the Products into the stream of commerce within California.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Namely, Plaintiff purchased one of the Products in this District.

**FACTUAL BACKGROUND**

14. Curcumin is the principal compound found in the root of the Curcuma longa species, also known as turmeric. Curcumin belongs to a group of chemicals called curcuminoids (the other two curcuminoids being demethoxycurcumin, and bisdemethoxycurcumin). Mounting evidence from scientific studies shows that curcumin is helpful in modulating numerous molecular targets and exerting antioxidant, anti-inflammatory, anticancer, and neuroprotective activities in the body.

15. For these reasons, among others, consumer demand for curcumin is robust and is projected to only increase over the next 10 years.[2]

16. Defendant is a leading manufacturer and purveyor of vitamin and herbal dietary supplements, including curcumin supplements.

17. The Products at issue are the following products in Defendant's "CuraMed" curcumin supplement line (the "Products"):

   a. Terry Naturally CuraMed Super Absorption Curcumin, 200 mg;
   b. Terry Naturally CuraMed Super Absorption Curcumin, 375 mg;
   c. Terry Naturally CuraMed Super Absorption Curcumin, 500 mg;
   d. Terry Naturally CuraMed Super Absorption Curcumin, 750 mg; and
   e. Terry Naturally CuraMed Super Absorption Curcumin, 100 mg Chewable Tablet.

18. Unfortunately for consumers, Defendant resorts to false and misleading labeling to boost sales of the Products.

19. Specifically, during the relevant class period, Defendant has marketed and labeled the Products in a manner which grossly overstates the amount of curcumin contained per serving of the Products. For example, on the front label of the Terry Naturally CuraMed Super Absorption Curcumin, 750 mg Product, Defendant prominently promises "750 mg" of "Superior Absorption Curcumin." Notably, as depicted below, these two representations appear to be in prominent white font, against an orange background, while the remainder of the label is in black font against a light-

---

[2] https://www.globenewswire.com/en/news-release/2022/08/03/2491547/0/en/Curcumin-Market-is-Projected-to-Grow-at-a-CAGR-of-11-3-Through-2031-Owing-to-Increasing-Demands-for-Natural-and-Organic-Products-Future-Market-Insights-Inc.html

yellow background. *See below*.



20. Based on these representations, reasonable consumers purchase this Product reasonably expecting the Product to contain 750 mg of curcumin.

21. Despite these unequivocal representations, the above-depicted product *only contains 500 mg of curcuminoids,* with only a portion of that being *curcumin*. Indeed, given that only approximately 60-70% of curcuminoids are *curcumin*,[3] the product only contains about 300 – 350 mg curcumin, rather than the 750 mg of curcumin promised on the front label.

---

[3] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6770259/

22. As such, the Product is falsely labeled and advertised, in violation of the law.

23. The same false and deceptive labeling plagues the other Products, with the only difference being the amount of curcumin promised and the amount delivered. For example, the 375 mg version of the Product (purchased by Plaintiff) promises "375 mg" of "Superior Absorption Curcumin", but only delivers 250 mg of curcuminoids, with only about 60-70% of that being *curcumin*. As such, that Product only delivers about 150-175mg of curcumin, far less than the 375 mg promised on the front label.

24. The amount of curcumin in the Products is material to consumers' purchasing decisions, as evidenced by the fact that curcumin is the primary chemical compound in turmeric and is the primary reason consumers purchase curcumin supplements.

25. Plaintiff and Class members did not know, and had no reason to know, that the Products do not contain the amount of curcumin promised on the front label.

26. As the entity responsible for the development, manufacturing, labeling, packaging, advertising, distribution and sale of the Product, Defendant knew or should have known that the Products falsely and deceptively represent the amount of curcumin per serving.

27. Defendant also knew or should have known that Plaintiff and other consumers, in purchasing the Products, would rely on Defendant's front label representations. Nonetheless, Defendant deceptively advertises the Products in order to deceive consumers into believing that they are getting considerably more curcumin per serving.

28. Consumers are willing to pay more for the Products based on the belief that the Products contain the promised amount of curcumin on the front label. Plaintiff and other consumers would have paid significantly less for the Products, or would not have purchased them at all, had they known that they were getting less curcumin per serving than what is promised on the Products' front label.

29. Therefore, Plaintiff and other consumers purchasing the Products have suffered injury in fact and lost money as a result of Defendant's false and deceptive practices, as described herein

30. By the use of misleading representations, Defendant created increased market

demand for the Products and increased their market share relative to what their demand and share would have been had Defendant marketed the Products truthfully.

31. Plaintiff and members of the Class were exposed to and justifiably relied upon the same material misrepresentations and harm throughout the class period, as (1) the foregoing deceptive representations appear on the front label of all the Products, and (2) none of the Products contain the amount of curcumin per serving promised on the front label.

## CLASS DEFINITION AND ALLEGATIONS

32. Plaintiff brings this matter on behalf of himself and those similarly situated. Pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Rules" or "Rule"), Plaintiff seeks to represent the following class:

> All residents of the United States who purchased any of the Products for personal, family, or household consumption and not for resale within the applicable statute of limitation ("Nationwide Class").

33. Additionally, as further described herein, Plaintiff brings claims based upon the California consumer protection laws on behalf of the following subclass:

> All residents of California who purchased any of the Products in California for personal, family, or household consumption and not for resale within the applicable statute of limitation ("California Class").

34. The Nationwide Class and California Class are referred to collectively as the "Class" or "Classes."

35. Plaintiff reserves the right to amend the Class definitions if discovery or further investigation reveal that any Class should be expanded or narrowed, divided into additional subclasses under Rule 23(c)(5), or modified in any other way.

36. The following people and entities are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel

and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

37. This action is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

38. **Numerosity:** Members of each Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiff but is likely to be ascertained by the Defendant's records. At a minimum, there likely are tens of thousands of Class members.

39. **Commonality:** There are questions of law and fact common to the proposed class(es). Common questions of law and fact include, without limitations:

   a. Whether Defendant's course of conduct alleged herein violates the statutes and other laws that are pled in this Complaint;
   b. Whether reasonable consumers would rely upon Defendant's representations about the Product and reasonably believe the Product contains the amount of curcumin claimed;
   c. Whether Defendant knew or should have known its representations were false or misleading;
   d. Whether Defendant was unjustly enriched by retaining monies from the sale of the Products;
   e. Whether certification of each Class is appropriate under Rule 23;
   f. Whether Plaintiff and the members of each Class are entitled to declaratory, equitable, or injunctive relief, and/or other relief, and the scope of such relief; and
   g. The amount and nature of the relief to be awarded to the Plaintiff and the Class, including whether Plaintiff and the Class are entitled to punitive damages.

40. **Typicality:** Plaintiff's claims are typical of the other Class members because Plaintiff, as well as Class members, purchased the Products. Plaintiff and the members of the Classes relied on the representations made by the Defendant about the Products prior to purchasing them.

Plaintiff and the members of each Class paid for Defendant's Products and would not have purchased them (or would have paid substantially less for them) had they known that the Defendant's representations were untrue.

41.  **Adequacy:** Plaintiff will fairly and adequately protect the interests of the proposed Classes as his interests do not conflict with the interests of the members of the proposed Classes he seeks to represent, and he has retained counsel competent and experienced in class action litigation. Thus, the interests of the members of the Classes will be fairly and adequately protected.

42.  **Predominance:** Pursuant to Rule 23(b)(3), the common issues of law and fact identified in this Complaint predominate over any other questions affecting only individual members of the Classes. Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's misconduct detailed at length in this Complaint.

43.  **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of hundreds of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in the Complaint/lawsuit. Further, because of the damages suffered by any individual Class member may be relatively modest in relation to the cost of litigation, the expense and burden of individual litigation make it difficult, if not impossible. Furthermore, many of the Class members may be unaware that claims exist against the Defendant.

44.  **Declaratory and Injunctive Relief:** Pursuant to Rule 23(b)(2), declaratory and injunctive relief is appropriate in this matter. Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members as a whole. Unless a class-wide injunction is issued, Defendant will continue to advertise, market, promote, and sell the Products in an unlawful and misleading manner, as described throughout this Complaint, and members of the Classes will continue to be misled, harmed, and denied their rights under the law.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Violation of California's Unfair Competition Law,
Cal. Bus. & Prof. Code § 17200 *et seq.***
**(On Behalf of Plaintiff and California Class Members)**

45. Plaintiff repeats the allegations contained in paragraphs 1-44 above as if fully set forth herein.

46. California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), prohibits any "unlawful, unfair or fraudulent business act or practice."

47. Defendant's conduct constitutes "unfair," "fraudulent" and "unlawful" business practices, as set forth in Cal. Bus. & Prof. Code § 17200 *et seq.*

48. Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law. Defendant's conduct is "unlawful" because it violates the California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAL"), California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"), and all other laws set forth herein.

49. As a result of Defendant's unlawful business acts and practices, Defendant have unlawfully obtained money from Plaintiff and members of the proposed California Class.

50. Under the UCL, a business act or practice is "unfair" if its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims. Defendant's conduct was of no benefit to purchasers of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the promised dosage of the Products. Deceiving unsuspecting consumers into believing the Products contain significantly more curcumin than they actually do is of not benefit to the consumers. Therefore, Defendant's conduct was "unfair." As a result of Defendant's unfair business acts and practices, Defendant has unfairly obtained money from Plaintiff and members of the proposed California Class.

51. Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public. Defendant's conduct here was fraudulent because it has the effect of deceiving consumers into believing the Products contain more curcumin

per serving than they actually do. Because Defendant has misled Plaintiff and members of the California Class, Defendant's conduct was "fraudulent." As a result of Defendant's fraudulent business acts and practices, Defendant has fraudulently obtained money from Plaintiff and members of the California Class.

52. Plaintiff requests that the Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to him, and members of the proposed California Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the proposed California Class may be irreparably harmed and/or denied an effective and complete remedy.

**SECOND CLAIM**
**Violation of California's False Advertising Law,**
**Cal. Bus. & Prof. Code § 17500 *et seq.***
**(On Behalf of Plaintiff and California Class Members)**

53. Plaintiff repeats the allegations contained in paragraphs 1-44 above as if fully set forth herein.

54. The FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

55. Defendant has represented to the public, including Plaintiff and members of the proposed California Class, through its deceptive labeling, that the Products contain a specified amount of curcumin per serving. However, these representations are false and misleading because the Products contain significantly less curcumin per serving. Because Defendant has disseminated misleading information regarding the Products, and Defendant knows, knew, or should have known through the exercise of reasonable care that the representations are false and misleading, Defendant has violated the FAL.

56. As a result of Defendant's misleading advertising, Defendant has unlawfully obtained money from Plaintiff and members of the California Class. Plaintiff therefore requests that the Court cause Defendant to restore this fraudulently obtained money to him and members of the proposed California Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the proposed California Class may be irreparably harmed and/or denied an effective and complete remedy.

## THIRD CLAIM
### Violation of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*
### (On Behalf of Plaintiff and California Class Members)

57. Plaintiff repeats the allegations contained in paragraphs 1-44 above as if fully set forth herein.

58. The CLRA adopts a statutory scheme prohibiting deceptive practices in connection with the conduct of a business providing goods, property, or services primarily for personal, family, or household purposes.

59. The Products are "good[s]" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of the Products by Plaintiff and members of the California Class constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

60. Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have…" By including a specific curcumin dosage on the front label of the Products, Defendant has represented that the Products contain certain characteristics and quantities that they do not have. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

61. Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By including a specific curcumin dosage on the front label of the Products, Defendant has represented that the Products are of a particular standard (i.e., contain a certain amount of curcumin per serving) that they do not meet. Therefore, Defendant has violated section 1770(a)(7) of the

12
CLASS ACTION COMPLAINT

CLRA.

62. Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By including a specific curcumin dosage on the front label of the Products, Defendant has represented the Products with characteristics it intended not to provide to consumers. As such, Defendant has violated section 1770(a)(9) of the CLRA.

63. At all relevant times, Defendant has known or reasonably should have known that the front label dosage representations are misleading or likely to mislead reasonable consumers, and that Plaintiff and other members of the California Class would reasonably and justifiably rely on them when purchasing the Products. Nonetheless, Defendant deceptively advertised the Products as such in order to deceive consumers into believing the Products contain more curcumin than they actually do.

64. Plaintiff and members of the California Class have justifiably relied on Defendant's misleading representations when purchasing the Products. Moreover, based on the materiality of Defendant's misleading and deceptive conduct, reliance may be presumed or inferred for Plaintiff and members of California Class.

65. Plaintiff and members of the California Class have suffered injuries caused by Defendant because they would have paid significantly less for the Products, or would not have purchased them at all, had they known the truth about them.

66. Under Cal. Civ. Code § 1782, on October 7, 2022, Defendant received a notice letter sent by counsel for Plaintiff, notifying Defendant of its violations under the CLRA (as well as other statutes and laws). Plaintiff's counsel gave Defendant an opportunity to cure, consistent with Cal. Civ. Code § 1782. More than 30 days has passed since Defendant's receipt of the notice letter, yet Defendant has not cured it deceptive conduct on a class-wide basis. As such, Plaintiff seeks damages under the CLRA, as well all other available remedies.

**FOURTH CLAIM**
**Breaches of Express Warranty**
**Cal. Com. Code § 2313**
**(On Behalf of Plaintiff and California Class)**

67. Plaintiff repeats the allegations contained in paragraphs 1-44 above as if fully set

13
CLASS ACTION COMPLAINT

forth herein.

68. California's express warranty statutes provide that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Com. Code § 2313.

69. Defendant has expressly warranted on the Products' front labeling that the Products contain a specified amount of curcumin per serving. However, as alleged herein, these express representations are false and misleading because the Products contain far less curcumin per serving than what is advertised.

70. The curcumin dosage representations on the Products' front labels are: (a) an affirmation of fact or promise made by Defendant to consumers that the Products contain that amount of curcumin per serving; (b) became part of the basis of the bargain to purchase the Products when Plaintiff and other consumers relied on the representations; and (c) created an express warranty that the Products would conform to the affirmation of fact or promise. In the alternative, the representations are descriptions of goods which were made as part of the basis of the bargain to purchase the Products, and which created an express warranty that the Products would conform to the product descriptions.

71. Plaintiff and members of the California Class reasonably and justifiably relied on the foregoing express warranties, believing that the Products did in fact conform to those warranties.

72. Defendant have breached the express warranties made to Plaintiff and members of the California Class because the Products contain far less curcumin per serving than what was promised on the front label.

73. Plaintiff and members of the California Class paid a premium price for the Products but did not obtain the full value of the Products as represented. If Plaintiff and members of the California Class had known of the true nature of the Products, they would not have been willing to pay the premium price associated with it. As a result, Plaintiff and members of the California Class suffered injury and deserve to recover all damages afforded under the law.

## FIFTH CLAIM
### Breach of Implied Warranty of Merchantability
### Cal. Com. Code § 2314
### (On Behalf of Plaintiff and California Class)

74. Plaintiff repeats the allegations contained in paragraphs 1-44 above as if fully set forth herein.

75. California's implied warranty of merchantability statute provide that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314(1).

76. California's implied warranty of merchantability statute also provide that "[g]oods to be merchantable must be at least such as . . . (f) conform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f).

77. Defendant is a merchant with respect to the sale of dietary supplements, including the Products. Therefore, a warranty of merchantability is implied in every contract for sale of the Products to California consumers.

78. By advertising the Products with the curcumin dosage representations outlined herein, Defendant has made an implied promise on the label of the Products that the Products contain a specific amount of curcumin per serving. However, Products contain far less curcumin per serving than what is promised. Plaintiff, as well as other consumers, did not receive the goods as impliedly warranted by Defendant to be merchantable. Therefore, the Products are not merchantable under California law and Defendant has breached its implied warranty of merchantability in regard to the Products.

79. If Plaintiff and members of the California Class had known that the Products were falsely and deceptively advertised, they would not have been willing to pay the premium price associated with the Products. Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiff and members of the California Class have suffered injury and deserve to recover all damages afforded under the law.

## SIXTH CLAIM
### Unjust Enrichment / Quasi-Contract
**(On Behalf of Plaintiff and Nationwide Class; alternatively, on behalf of Plaintiff and the California Class)**

80. Plaintiff repeats the allegations contained in paragraphs 1-44 above as if fully set forth herein.

81. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant. Alternatively, Plaintiff brings this claim individually and on behalf of the members of the proposed California Class.

82. As alleged herein, Defendant has intentionally and recklessly made misleading representations to Plaintiff and members of the Classes to induce them to purchase the Products. Plaintiff and members of the Classes have reasonably relied on the misleading representations and have not received all of the benefits promised by Defendant through the Products' representations. Plaintiff and members of the proposed Classes have therefore been induced by Defendant's misleading and deceptive representations about the Product, and paid more money to Defendant for the Products than they otherwise would and/or should have paid.

83. Plaintiff and members of the proposed Classes have conferred a benefit upon Defendant as Defendant has retained monies paid to them by Plaintiff and members of the proposed Classes.

84. The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the proposed Classes—i.e., Plaintiff and members of the proposed Classes did not receive the full value of the benefit conferred upon Defendant. Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon them.

85. As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the proposed Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of other members of the proposed Class(es), respectfully request that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

A. Declaring that this action is a proper class action, certifying the Classes as requested herein, designating Plaintiff as Class Representative and appointing the undersigned counsel as Class Counsel;

B. A declaration or declaratory judgment that Defendant's conduct has violated and continues to violate the statutes and laws cited herein;

C. An order enjoining Defendant to refrain from the acts and practices cited herein and to undertake an immediate public information campaign to inform members of the Classes as to its prior practices;

D. An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and members of the Classes to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, fraudulent or unfair business act or practice;

E. An award of damages, including all available statutory and punitive damages, pursuant to the statutes and the causes of action pled herein;

F. Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery where necessary and applicable, to prevent Defendant from retaining the benefit of its wrongful conduct;

G. An award of all recoverable costs and expenses, including reasonable fees for Plaintiff's attorneys; and

H. An award of pre- and post-judgment interest to Plaintiff and members each of the Classes if applicable; and, ordering further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all causes of action so triable.

DATED: January 6, 2023

**TREEHOUSE LAW, LLP**

By: /s/ *Benjamin Heikali*

Benjamin Heikali (SBN 307466)
10250 Constellation Blvd., Suite 100
Los Angeles, CA 90067
Telephone: (310) 751-5948
bheikali@treehouselaw.com

*Attorneys for Plaintiff and the Putative Classes*

**Venue Declaration Pursuant to Cal. Civ. Code 1780(d)**

I, Joseph DiGiacinto, declare as follows:

1.  I am the named Plaintiff in the above-captioned action and a citizen of the State of California. I have personal knowledge of the facts set forth in this declaration, and am competent to testify to the same. The matters set forth herein are true and correct to the best of my knowledge and belief.

2.  I believe that the Northern District of California is the proper place for trial of this case because Sonoma County, California, the county in which I purchased one of the Products, is in this District.

I declare under penalty of perjury that the foregoing is true and correct, executed on 1/5/2023 in Cotati, California

Joseph DiGiacinto