**TREEHOUSE LAW, LLP**
Joshua Nassir (SBN 318344)
Benjamin Heikali (SBN 307466)
Ruhandy Glezakos (SBN 307473)
10250 Constellation Blvd., Suite 100
Los Angeles, CA 90067
Telephone: (310) 751-5948
jnassir@treehouselaw.com
bheikali@treehouselaw.com
rglezakos@treehouselaw.com

*Attorneys for Plaintiff and the Putative Classes*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH DIGIACINTO, on behalf of himself and all others similarly situated, | Case No.: 3:23-cv-00076-VC |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |
| vs. | Hearing Date: May 4, 2023 |
| EUROPHARMA, INC., | Time:  10:00 a.m. |
| Defendant. | Courtroom: 5 |
| | Judge:  Hon. Vince Chhabria |

1

**TABLE OF CONTENTS**

I.   INTRODUCTION……………………………………………………………………1

II.  STATEMENT OF FACTS……………………………………………………………1

III. ISSUES TO BE DECIDED……………………………………………………….......3

IV.  LEGAL STANDARD……………………………………………………………......3

V.   ARGUMENT………………………………………………………………………...4

    A.   Plaintiff's CLRA, UCL, and FAL Claims Are Adequately Alleged………...………..4

        1.   The Reasonable Consumer Standard Applies………………………...…………..4

        2.   Plaintiff Has Sufficiently Alleged That Reasonable Consumers Are Likely To Be Deceived………………………………………………………...…………..4

        3.   Defendant's Self-Serving Interpretation Of Its Own Label Does Not Warrant Dismissal As A Matter of Law……………………………….……….…….……5

        4.   Defendant's Back Label Supplement Facts Do Not Cure Its Misleading Front Label Representations As A Matter Of Law………………………………….7

    B.   Adequate Notice Has Been Provided To Defendant For Purposes Of The CLRA...10

    C.   Plaintiff Has Adequately Alleged His Express Warranty Claim……………………11

    D.   Plaintiff Adequately Alleges His Breach Of Implied Warranty Claim……………..12

    E.   Plaintiff's Unjust Enrichment Claim Survives…………………………….……..12

    F.   Plaintiff Has Standing To Pursue Injunctive Relief…………………….…………13

    G.   Plaintiff's Nationwide Claim For Unjust Enrichment Should Not Be Stricken……………………………………………………………….……………..15

VI.  CONCLUSION………………………………………………………………......17

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 5-Hour ENERGY Mktg. & Sales Pracs. Litig.,*
No. MDL 13-2438-PSG-PLAx, 2017 WL 385042 (C.D. Cal. Jan. 24, 2017).........................12

*Arthur v. United Indus. Corp.,*
2018 WL 1472500 (C.D. Cal. Mar. 23, 2018) .............................................................................6

*Asghari v. Volkswagen Grp. of Am., Inc.,*
42 F. Supp. 3d 1306 (C.D. Cal. 2013) ......................................................................................10

*Astiana v. Hain Celestial Grp., Inc.,*
783 F.3d 753 (9th Cir. 2015) ....................................................................................................13

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)....................................................................................................................3

*Beluca Ventures LLC v. Aktiebolag,*
No. 21-CV-06992-WHO, 2022 WL 3579879 (N.D. Cal. Aug. 19, 2022) ..............................13

*Brady v. Bayer Corp.,*
26 Cal. App. 5th 1156 (2018) ...........................................................................................1, 7, 8

*Brown v. Hain Celestial Group, Inc.,*
913 F.Supp.2d 881 (N.D. Cal. 2012) .......................................................................................10

*Brown v. Natures Path Foods, Inc.,*
No. 21-CV-05132-HSG, 2022 WL 717816 (N.D. Cal. Mar. 10, 2022) ..................................14

*Bruno v. Quten Rsch. Inst., LLC,*
280 F.R.D. 524 (C.D. Cal. 2011) .............................................................................................16

*Cimoli v. Alacer Corp.,*
546 F.Supp.3d 897 (N.D. Cal. 2021) .........................................................................................7

*Colgan v. Leatherman Tool Grp., Inc.,*
135 Cal. App. 4th 663 (2006) ....................................................................................................4

*Corpuz v. Bayer Corp.,*
No. 22-CV-1085-MMA (JLB), 2023 WL 2292579 (S.D. Cal. Feb. 28, 2023) .........................9

*Dailey v. A&W Concentrate Co.,*
No. 20-cv-02732-JST, 2021 WL 777114 (N.D. Cal. Feb. 16, 2021) ......................................14

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

*David v. Baker*,
    129 F. App'x 358 (9th Cir. 2005) ......................................................................3

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) ..........................................................................13

*De Dios Rodriguez v. Ole Mexican Foods Inc.*,
    No. EDCV202324JGBSPX, 2021 WL 1731604 (C.D. Cal. Apr. 22, 2021) ............6

*Dean v. Colgate-Palmolive Co.*,
    2015 WL 3999313 (C.D. Cal. June 17, 2015) ......................................................15

*Deitz v. Comcast Corp.*,
    No. C 06-06352 WHA, 2006 WL 3782902 (N.D. Cal. Dec. 21, 2006) ...................11

*Forcellati v. Hyland's, Inc.*,
    876 F. Supp. 2d 1155 (C.D. Cal. 2012) ..............................................15, 16, 17

*Forcellati v. Hyland's, Inc.*,
    No. CV 12-1983-GHK MRWX, 2014 WL 1410264 (C.D. Cal. Apr. 9, 2014) ....................17

*Gagetta v. Walmart, Inc.*,
    No. 3:22-CV-03757-WHO, 2022 WL 17812924 (N.D. Cal. Dec. 19, 2022) ....................13

*Gerritsen v. Warner Bros. Entm't Inc.*,
    112 F.Supp.3d 1011 (C.D. Cal. 2015) ..............................................................7

*Greene v. Gerber Prod. Co.*,
    262 F. Supp. 3d 38 (E.D.N.Y. 2017) ..................................................................16

*Hadley v. Kellogg Sales Co.*,
    273 F. Supp. 3d 1052 (N.D. Cal. 2017) ..........................................................11, 12

*Hall v. Diamond Foods, Inc.*,
    No. C-14-2148 MMC, 2014 WL 5364122 (N.D. Cal. Oct. 21, 2014) ..................9, 10, 13

*Harris v. McDonald's Corp.*,
    No. 20-CV-06533-RS, 2021 WL 2172833 (N.D. Cal. Mar. 24, 2021) ...................10

*In re Hydroxycut Mktg. and Sales Practices Litig.*,
    801 F. Supp. 2d 993 (S.D. Cal. 2011) ..............................................................16

*Jou v. Kimberly-Clark Corp.*,
    No. C-13-03075 JSC, 2013 WL 6491158 (N.D. Cal. Dec. 10, 2013) ...................7

*Konik v. Time Warner Cable*,
    No. CV 07-763 SVW (RZX), 2009 WL 10681970 (C.D. Cal. Dec. 2, 2009) ....................9

*Lesh v. DS Naturals, LLC*,
    No. 22-CV-01036-HSG, 2023 WL 2530986 (N.D. Cal. Mar. 15, 2023) ...................13, 14

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

*Locklin v. StriVectin Operating Co., Inc.*,
    No. 21-CV-07967-VC, 2022 WL 867248 (N.D. Cal. Mar. 23, 2022)....................................14

*Lusson v. Apple, Inc.*,
    No. 16-CV-00705-VC, 2016 WL 10932723 (N.D. Cal. June 20, 2016) ................................13

*Mazza v. Am. Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012) .......................................................................................16, 17

*McDonnell Douglas Corp. v. Thiokol Corp.*,
    124 F.3d 1173 (9th Cir. 1997) ...........................................................................................12

*Moore v. Trader Joe's Co.*,
    4 F.4th 874 (9th Cir. 2021) ..............................................................................................8, 9

*Moran v. Bondi Sands (USA) Inc.*,
    No. 21-CV-07961-JSW, 2022 WL 1288984 (N.D. Cal. Apr. 29, 2022) ..............................15

*Moran v. Edgewell Pers. Care, LLC*,
    No. 21-CV-07669-RS, 2022 WL 3046906 (N.D. Cal. Aug. 2, 2022) ...................................15

*Morley v. Walker*,
    175 F.3d 756 (9th Cir. 1999) ...............................................................................................3

*Morris v. Mott's LLP*,
    No. SACV1801799AGADSX, 2019 WL 948750 (C.D. Cal. Feb. 26, 2019) ........................12

*Patterson v. RW Direct, Inc.*,
    2018 WL 6106379 (N.D. Cal. Nov. 21, 2018) .............................................................11, 15

*Penikila v. Sergeant's Pet Care Prod.*,
    LLC, 442 F. Supp. 3d 1212 (N.D. Cal. 2020)....................................................................16

*In re POM Wonderful LLC Mktg. & Sales Pratices Litig.*,
    No. MDL 2199, 2012 WL 4490860 (C.D. Cal. Sept. 28, 2012).........................................17

*Rapoport-Hecht v. Seventh Generation, Inc.*,
    No. 14-CV-9087 (KMK), 2017 WL 5508915 (S.D.N.Y. Apr. 28, 2017) .............................16

*Red v. Kraft Foods, Inc.*,
    No. CV 10-1028-GW AGRX, 2012 WL 5504011 (C.D. Cal. Oct. 25, 2012)........................6

*Retail Prop. Tr. V. United Bhd. Of Carpenters & Joiners of Am.*,
    768 F.3d 938 (9th Cir. 2014) ...............................................................................................3

*Romero v. Flowers Bakeries, LLC*,
    No. 14-CV-05189-BLF, 2016 WL 469370 (N.D. Cal., Feb. 8, 2016).....................................5

*Rushing v. Williams-Sonoma, Inc.*,
    No. 16-CV-01421-WHO, 2016 WL 4269787 (N.D. Cal. Aug. 15, 2016) .............................13

iv

*Schwartz v. Bai Brands, LLC*,
  No. CV 19-6249 FMO(RAOx), 2020 WL 5875019 (C.D. Cal. July 31, 2020) ....................14

*Shalikar v. Asahi Beer U.S.A., Inc.*,
  CV 17-2713-JAK, 2017 WL 9362139 (C.D. Cal. Oct. 16, 2017) ............................................7

*Shank v. Presidio Brands, Inc.*,
  No. 17-cv-00232-DMR, 2018 WL 1948830 (N.D. Cal. Apr. 25, 2018) ...............................15

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) ...........................................................................................6

*Stewart v. Kodiak Cakes, LLC*,
  537 F. Supp. 3d 1103 (S.D. Cal. 2021)...............................................................................10

*Tucker v. Post Consumer Brands, LLC*,
  No. 19-cv-03993-YGR, 2020 WL 1929368 (N.D. Cal. Apr. 21, 2020) ...............................15

*Vizcarra v. Unilever United States, Inc.*,
  No. 4:20-CV-02777-YGR, 2020 WL 4016810 (N.D. Cal. July 16, 2020)............................15

*Walters v. Vitamin Shoppe Industries, Inc.*,
  701 F. App'x 667 (9th Cir. 2017) .........................................................................................7

*White v. Kroger Co.*,
  No. 21-CV-08004-RS, 2022 WL 888657 (N.D. Cal. Mar. 25, 2022) ............................12, 15

*Williams v. Gerber*,
  552 F.3d 934 (9th Cir. 2008) ..................................................................................1, 3, 4, 7

*Yumul v. Smart Balance, Inc.*,
  733 F. Supp. 2d 1117 (C.D. Cal. 2010) .................................................................................4

*Zeiger v. WETPET LLC*,
  No. 3:17-cv-04056-WHO, 2021 WL 756109 (N.D. Cal. Feb. 26, 2021) ...............................14

**Statutes**

Cal. Bus. & Prof. Code § 17200 ...............................................................................2, 4, 10

Cal. Bus. & Prof. Code § 17500 ...............................................................................3, 4, 10

Cal. Civ. Code § 1750 ................................................................................................ *passim*

Cal. Civ. Code § 1782(d) ......................................................................................................11

Cal. Com. Code § 2313 ..........................................................................................................3

Cal. Com. Code § 2314..........................................................................................................3, 12

Cal. Com. Code § 2314(2)(c) ..................................................................................12

Cal. Com. Code § 2314(2)(f) ..................................................................................12

**Federal Rules**

Fed. R. Civ. P. 12(b)(6) ...........................................................................................3

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

## I.    INTRODUCTION

Defendant does not contest that its curcumin supplements contain significantly less curcumin than the dosage referenced on the front label. Instead, Defendant contends that no reasonable consumer could possibly believe that the promised dosage refers to the amount of ***curcumin*** in the products, and instead consumers would believe the dosage is merely referencing a "Proprietary Complex." But Defendant's self-serving interpretation of its labels defies the plain reading of the front labels, which ***only reference curcumin***, the most well-known nutrient in turmeric root, rather than some abstract "Proprietary Complex." For this reason, Plaintiff has plausibly alleged that the labeling of Defendant's curcumin supplements is false and deceptive. Moreover, Defendant's reliance on its back label supplement facts to cure its deceptive front labels fails under the Ninth Circuit's binding decision in *Williams v. Gerber,* 552 F.3d 934, 938 (9th Cir. 2008), as well as the California Court of Appeals' landmark decision in *Brady v. Bayer Corp.,* 26 Cal. App. 5th 1156 (2018). Ultimately, the question of whether a reasonable consumer is likely to be deceived by the labeling of Defendant's curcumin supplements is a disputed question of fact, subject to extensive discovery, and not appropriate for dismissal at this stage. For these reasons, and as further outlined below, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss ("Mot." or "Motion").

## II.    STATEMENT OF FACTS

This putative class action challenges Defendant EuroPharma Inc.'s ("Defendant") false and misleading labeling practices for its Terry Naturally CuraMed Curcumin Supplements (the "Product(s)").[1] ECF No. 1, Class Action Complaint ("Compl.") ¶ 1. Plaintiff Joseph DiGiacinto ("Plaintiff") alleges that Defendant grossly overrepresents the amount of curcumin per serving of the Products. *Id.* ¶¶ 1-2. For example, in the 750 mg version of the Products, Defendant prominently promises "750 mg" of "Superior Absorption Curcumin" on the front label. *Id.* ¶ 19.

---

[1] The Products are fully defined in Paragraph 17 of the Complaint.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



17      Based on these representations, reasonable consumers expect that the Product contains the

18  promised 750 mg of curcumin per softgel. *Id*. ¶ 20. Unbeknownst to Plaintiff and other consumers,

19  each softgel of that Product does not contain 750 mg of curcumin, and instead contains only 500

20  mgs of *curcuminoids*, with only a portion of that being *curcumin*. *Id.* ¶ 21. The same false and

21  deceptive labeling plagues the other Products, with the only difference being the amount of

22  curcumin promised and the amount provided. *Id.* ¶ 23.

23      Had Plaintiff and Class members been aware that the Products do not contain the amount of

24  curcumin per softgel promised on the front labels, they would not have purchased the Products or

25  would have paid significantly less for them. *Id.* ¶ 28. Accordingly, Plaintiff and Class members have

26  been injured by Defendant's deceptive business practices. *Id.* ¶ 29. As such, Plaintiff brings the

27  following claims on behalf of himself and the putative California class of consumers: (1) Violation

28  of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*.; (2)

Violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*; (3) Violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; (4) Breach of Express Warranty pursuant to Cal. Com. Code § 2313; and (5) Breach of Implied Warranty pursuant to Cal. Com. Code § 2314. *Id.* ¶¶ 45-79.  Plaintiff also brings a claim for unjust enrichment / quasi-contract on behalf of a putative Nationwide class. *Id.* ¶¶ 80-85.

## III.   ISSUES TO BE DECIDED (L.R. 7-4)

1.      Is this one of the "rare situations" under *Williams*, 552 F.3d at 939, in which granting a motion to dismiss is appropriate because it is "impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived"?

2.      Has the CLRA's notice requirement been satisfied?

3.      Has Plaintiff adequately pled that Defendant breached an express warranty?

4.      Has Plaintiff adequately pled that Defendant breached an implied warranty?

5.      Has Plaintiff adequately pled unjust enrichment / quasi-contract?

6.      Does Plaintiff have Article III standing to pursue injunctive relief?

7.      Should the Court strike Plaintiff's unjust enrichment claim on behalf of the putative nationwide class?

## IV.   LEGAL STANDARD

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it is the defendant's burden to show that the plaintiff cannot state a claim for relief. *David v. Baker*, 129 F. App'x 358, 360 (9th Cir. 2005). The court "must accept as true" all well pleaded facts in the complaint and construe them in the light most favorable to the nonmoving party. *Retail Prop. Tr. V. United Bhd. Of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). To survive a motion to dismiss, the plaintiff must only allege enough facts to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A dismissal for failure to state a claim is appropriate only where it appears, beyond doubt, that the plaintiff can prove no set of facts that would entitle it to relief." *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

1    **V.    ARGUMENT**

2        **A.    Plaintiff's CLRA, UCL, and FAL Claims Are Adequately Alleged**

3            1.    <u>The Reasonable Consumer Standard Applies</u>

4        As Defendant recognizes, Plaintiff's CLRA, UCL, and FAL claims are governed by the

5    reasonable consumer standard. *Williams*, 552 F.3d at 938. Under that standard, *at trial*, plaintiffs must

6    only show that consumers are *likely to be deceived* by the challenged representation. *Id*. Courts

7    evaluate whether a representation is deceptive from the vantage point of an "ordinary consumer acting

8    reasonably under the circumstances" who "is not versed in the art of inspecting and judging a

9    product[.]" *Colgan v. Leatherman Tool Grp., Inc*., 135 Cal. App. 4th 663, 682 (2006). For these

10   reasons, "California courts [] have recognized that whether a business practice is deceptive will

11   usually be a question of fact not appropriate for decision on demurrer." *Williams*, 552 F.3d at 938.

12   At this juncture, dismissal is appropriate in "rare situations", and only if, "[v]iewing the facts in the

13   light most favorable to plaintiff," it is "'***impossible*** for the plaintiff to prove that a reasonable

14   consumer was likely to be deceived.'" *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1129

15   (C.D. Cal. 2010) (quoting *Williams*, 552 F.3d at 939) (emphasis added).

16

17            2.    <u>Plaintiff Has Sufficiently Alleged That Reasonable Consumers Are Likely To Be Deceived</u>

18       This is not a "rare situation" in which granting a motion to dismiss is appropriate in a false

19   advertising case, as it is not "impossible for the plaintiff to prove that a reasonable consumer was

20   likely to be deceived." *Yumul*, 733 F. Supp. 2d at 1129 (quoting *Williams*, 552 F.3d at 939). The front

21   labels of the Products reference "Curcumin," the most well-known nutrient in turmeric root, and

22   references a specific dosage above that. No other ingredient is referenced on the front label of the

23   Products, let alone any reference or disclaimer clarifying that the promised dosage merely qualifies a

24   "Proprietary Complex" as Defendant contends. To be clear, there is ***no reference*** to a "Proprietary

25   Complex" on the front label of the Products. If more were needed, both the promised dosage and the

26   word "Curcumin" are the only two representations in white font against a brightly colored

27   background, while the remainder of the front label is in black font against a muted-yellow

28

4

background.[2] As such, the most reasonable (and at the very least, a plausible) reading of the front label is that the dosage representation refers to the amount of curcumin per serving of the Products.

        3.     <u>Defendant's Self-Serving Interpretation Of Its Own Label Does Not Warrant Dismissal As A Matter of Law</u>

Despite the plain reading of the front labels, Defendant's self-serving interpretation of the front label is that the promised dosage merely refers to a "Proprietary Complex" of ingredients in the Products.[3] Mot. at 14, 19. In support, Defendant contends that the dosage and curcumin representations on the front label are "not conjoined or even contiguous" are "bounded by different shapes," and "appear in different font and font size." *Id*. at 15. But these stylistic differences cannot get Defendant over the unavoidable fact that the only ingredient referenced on the front label is curcumin, which is precisely why consumers buy turmeric supplements. Moreover, regardless of the placement and font of the two representations, the two representations are the only pieces of white text on the entire front label. Lastly, there is no reference to a "Proprietary Complex" on the front label of the Products. Put simply, reasonable consumers cannot be expected to know that the dosage qualifies anything *other than* curcumin.

Defendant's case law in support is factually distinguishable. *See generally* Mot. at 15-17. For example, in *Romero v. Flowers Bakeries, LLC*, plaintiff unreasonably combined the words "wheat" with the words "wholesome wheat" and "healthy grains" on the packaging of bread, which led her to believe that the bread contained significant amounts of ***whole*** wheat. No. 14-CV-05189-BLF, 2016 WL 469370 at *2 (N.D. Cal., Feb. 8, 2016). As the court noted, "Defendant does not even use the phrase 'whole wheat' in its packaging." *Id*. at *7. Here, Defendant specifically calls out to both the dosage (750 mg), *and the specific nutrient at issue* (curcumin). It is not unreasonable for consumers to "combine" a specific ingredient called out on the front label of a dietary supplement with a dosage representation on the same front label.

---

[2] Moreover, on the "750 mg" Product, both the dosage and the "Superior Absorption Curcumin" representation are in white font against an orange background color. Compl. ¶ 19.

[3] Defendant's contention is akin to arguing that a front label stating "150 mg" of "Superior Caffeine Absorption" would lead a reasonable consumer to believe that the product contains 150 mg of *ground coffee*, rather than 150 mg of *caffeine*. That would be a non-sensical reading of the label.

Defendant's reliance on *Red v. Kraft Foods, Inc.*, No. CV 10-1028-GW AGRX, 2012 WL 5504011 (C.D. Cal., Oct. 25, 2012) is equally unavailing. In *Red,* plaintiff alleged that the words "Made with Real Vegetables" led him to believe that the crackers contained a significant amount of vegetables. *Id.* at *3. The court disagreed, noting that "the product is a box of crackers, and a reasonable consumer will be familiar with the fact of life that a cracker is not composed of primarily fresh vegetables." *Id.*; *see also id.* at *4 ("it strains credulity to imagine that a reasonable consumer will be deceived into thinking a box of crackers is healthful or contains huge amounts of vegetables simply because there are pictures of vegetables and the true phrase 'Made with Real Vegetables' on the box."). In contrast, the Products here are dietary supplements, which are universally expected to contain the precise amount of vitamins, minerals, or other nutrients advertised on the front label. Moreover, rather than a vague reference as to quantity (such as "Made with Real Vegetables" in *Red*), the front labels of the Products reference a ***specific dosage*** (e.g., "750 mg") above the phrase "Superior Absorption Curcumin." As such, consumers reasonably expect that amount of curcumin in the Products.

At the very least, even if the Court finds that Defendant's reading of its own labels is one plausible interpretation, the Court should nonetheless refuse to grant Defendant's Motion because Plaintiff has alleged a more plausible (or at the very least, just as plausible) reading of the labels. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (when "there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss [unless] defendant's plausible alternative explanation is so convincing that plaintiff's explanation is implausible."); *De Dios Rodriguez v. Ole Mexican Foods Inc.*, No. EDCV202324JGBSPX, 2021 WL 1731604, at *4 (C.D. Cal. Apr. 22, 2021) (same, citing *Starr*); *see also* James C. Miller III, *FTC Policy Statement on Deception* (Oct. 14, 1983)) ("To be considered reasonable, the interpretation or reaction does not have to be the only one. When a seller's representation conveys more than one meaning to reasonable consumers, one of which is false, the seller is liable for the misleading interpretation.").[4]

---

[4]  https://www.ftc.gov/system/files/documents/public_statements/410531/831014deceptionstmt.pdf. The Court can take judicial notice of FTC materials. *See Arthur v. United Indus. Corp.*, 2018 WL

1

2

4.    Defendant's Back Label Supplement Facts Do Not Cure Its Misleading Front Label Representations As A Matter Of Law

3

Defendant also contends that Plaintiff's reading of the front label ignores the back label

4

nutrition facts of the Products, which would purportedly dispel any confusion as to what the front

5

label dosage was referring to. Mot. at 17. But this argument has been expressly and repeatedly rejected

6

by the Ninth Circuit, which has held that in the context of purchasing a consumer product, "reasonable

7

consumers should [not] be expected to look beyond misleading representations on the front of the box

8

to discover the truth" elsewhere on the packaging. *Williams*, 552 F.3d at 939; *Jou v. Kimberly-Clark*

9

*Corp.*, No. C-13-03075 JSC, 2013 WL 6491158, at *9 (N.D. Cal. Dec. 10, 2013) (holding that under

10

*Williams*, a "[d]efendant cannot rely on disclosures on the back or side panels of the packaging to

11

contend that any misrepresentation on the front of the packaging is excused.").[5]

12

The same principle has been applied consistently in false advertising cases involving dietary

13

supplements. *See, e.g., Walters v. Vitamin Shoppe Industries, Inc.*, 701 F. App'x 667, 670 (9th Cir.

14

2017) (holding that consumers have no "duty to validate claims on the front of a product's label by

15

cross-checking them against information contained in small print" on other parts of the packaging,

16

and failure to do so "does not constitute a failure to reasonably safeguard [their] interests."); *Cimoli*

17

*v. Alacer Corp.*, 546 F.Supp.3d 897, 902-04 (N.D. Cal. 2021) (finding that the "750 mg of Vitamin

18

C" representation on front label of gummy vitamins container actionable under CLRA,

19

notwithstanding product's back-label clarification of dosage as per serving rather than per gummy).

20

*Brady,* a landmark decision from the California Court of Appeals, is highly instructive here.

21

26 Cal. App. 5th 1156. In *Brady*, plaintiff challenged the "One A Day" brand name on defendant's

22

dietary supplements as a representation that only one gummy a day was required to get the daily

23

1472500, at *4 (C.D. Cal. Mar. 23, 2018) (taking judicial notice of FTC press release article);

24

*Gerritsen v. Warner Bros. Entm't Inc.*, 112 F.Supp.3d 1011, 1033 (C.D. Cal. 2015) ("Under Rule

25

201, the court can take judicial notice of public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies.").

26

[5] The same principle has even been applied to prominent **front label** disclaimers. *See, e.g., Shalikar*

27

*v. Asahi Beer U.S.A., Inc.*, CV 17-2713-JAK (JPRx), 2017 WL 9362139, at *7 (C.D. Cal. Oct. 16, 2017) (holding that the effect of a front label disclosure on the neck of Asahi beer bottles stating that

28

the beers are actually brewed in Canada "cannot be determined as a matter of law on the present record").

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

1   dosage of vitamins. *Id.* at 1160. Despite the "One A Day" brand name, the products required a daily

2   dose of two gummies to get the recommended daily values. *Id.* at 1161. The issue on appeal was

3   whether dosage information on defendant's supplement facts panel on the back label was sufficient

4   to cure the front label brand name. *Id.* at 1162. The Court of Appeals held that it was not, rejecting

5   defendant's argument that, as a matter of law, consumers "necessarily look behind the front label of

6   a jar of Bayer's One A Day gummies and in the course of that action, would discover that not one

7   gummies but two is what the company recommends." *Id*. at 1164; *see also id.* at 1172 ("Bayer feels

8   the reasonable consumer will be so motivated to ascertain the precise amounts of vitamins that of

9   course he or she will scrutinize the back. We don't think such a conclusion can be made as a matter

10  of law at the pleading stage. Nothing in law or logic suggests consumers will take such a belt and

11  suspenders approach."). Moreover, the court noted that "[t]he front of the product makes no attempt

12  to warn the consumer that a one-a-day jar of gummies is in fact full of two-a-day products." *Id.* at

13  1172. Lastly, the court reiterated the well-established principle that "whether a practice is deceptive,

14  fraudulent, or unfair is generally a question of fact which requires consideration and weighing of

15  evidence from both sides and which usually cannot be made on demurrer." *Id.* at 1164 (internal

16  quotation marks omitted).

17          Applied here, *Brady* dictates the same outcome. Defendant's back label disclosure does not,

18  as a matter of law, cure the misleading front label representations. Moreover, as in *Brady*, "the front

19  of the [Products] makes no attempt to warn the consumer that" the promised dosage is not of

20  curcumin, but rather of some undisclosed "Proprietary Complex." Indeed, this case is more akin to

21  *Brady* than any case cited by Defendant, including the Ninth Circuit's decision in *Moore v. Trader

22  Joe's Co.*, which involved a challenge to the labeling of a manuka honey product. 4 F.4th 874 (9th

23  Cir. 2021).

24          In *Moore*, plaintiffs alleged that the product name "100% New Zealand Manuka Honey" was

25  false and deceptive because the product contained a significant amount of regular honey. *Id.* at 876-

26  77. The court found that the representation was not deceptive because: (1) reasonable consumers

27  know that bees are "foraging" creatures and that "it is impossible to produce honey that is derived

28  exclusively from a single floral source[,]" (2) the "10+" UMF rating on the front label "reflects a

8

1  Manuka honey product's concentration of honey derived from Manuka flower nectar," and (3) the

2  price of the challenged product was relatively low compared to other manuka honey products. *Id.* at

3  883-85. Here, Defendant cannot show that there are similar "contextual" clues on or about the

4  Products' that would alert consumers to the possibility that the dosage promised on the front label

5  qualifies something other than curcumin. *See Corpuz v. Bayer Corp.*, No. 22-CV-1085-MMA (JLB),

6  2023 WL 2292579, at *4 (S.D. Cal. Feb. 28, 2023) (distinguishing *Moore* "because there are not

7  similar 'contextual' clues on Defendant's Products' labels that would alert consumers to the

8  possibility that the Products may be unnatural due to synthetic ingredients."). Instead, the front label

9  of the Products merely references curcumin and a specific dosage.

10        In any event, even if consumers were expected to review the back label prior to purchasing

11  the Products, the back labels do little to clarify how much *curcumin* is in the Products. The back label

12  does not expressly state how much "curcumin" is in each serving, instead referencing a "Proprietary

13  Complex" as well as the amount of *curcuminoids* in the Products (e.g., "supplying 250 mg of pure

14  curcuminoids"). Thus, the back label of the Products is ambiguous at best, and the Court should not

15  decide, as a matter of law, how reasonable consumers may interpret the Products' back label. *Konik

16  v. Time Warner Cable*, No. CV 07-763 SVW (RZX), 2009 WL 10681970, at *9 n.8 (C.D. Cal. Dec.

17  2, 2009) ("'The fact that a false statement may be obviously false to those who are trained and

18  experienced does not change its character, nor take away its powers to deceive others less

19  experienced.'")

20        Lastly, to the extent Defendant relies on images of corporate label blueprints for the Products

21  (Mot. at 19; Hansgate Decl. Exs. 2-3), the blueprints misrepresent how consumers view the Products

22  in retail stores because they are depicted by Defendant as ***flat sheets of paper***. *Id*. Court have refused

23  to consider similar product packaging blueprints in other consumer class actions, noting that flat

24  corporate blueprints are not what or how consumers see product labels while shopping. *Hall v.

25  Diamond Foods, Inc.*, No. C-14-2148 MMC, 2014 WL 5364122, at *3 (N.D. Cal. Oct. 21, 2014)

26  ("[E]ven assuming defendant's request for judicial notice were granted, the text on the packaging is

27  presented by defendant in a manner in which a consumer would not view it, namely, as a flat one-

28  sided sheet of paper, as opposed to the manner in which it ordinarily would be viewed while on a

9

1   store shelf containing potato chips."); *see also Brown v. Hain Celestial Group, Inc*., 913 F.Supp.2d

2   881, 893 (N.D. Cal. 2012) (declining to take judicial notice of labeling "proof"; agreeing with the

3   party opposing judicial notice that such exhibit, which "portray[ed] the principal display panel, the

4   information panel and the ingredients list side-by-side," constituted "a distortion of the way in which

5   consumers actually see the [p]roducts' labeling"). This is especially true where, as here, "the text on

6   which defendant relies is, in each instance, set forth in font smaller than the challenged statement and

7   not located near the center of the front of the packaging, where the challenged statement is placed."

8   *Hall,* 2014 WL 5364122, at *3 (citing *Williams*, 552 F.3d at 939); *see also Stewart v. Kodiak Cakes,*

9   *LLC*, 537 F. Supp. 3d 1103, 1120 (S.D. Cal. 2021) ("Plaintiffs' objections to the high-resolution proof

10   specifications have some merit. These two-dimensional, flattened proofs distort what consumers see

11   when viewing the three-dimensional products and do not represent how the products are advertised

12   in their final product.").

13       For these reasons, the Court should deny Defendant's Motion as to the CLRA, FAL, and UCL

14   claims.

15   **B.    Adequate Notice Has Been Provided To Defendant For Purposes Of The CLRA**

16       Defendant argues that Plaintiff's CLRA claim should be dismissed because the CLRA pre-

17   suit notice requirement was not satisfied. Mot. at 14. But Defendant admits that it received notice of

18   its misconduct via a letter, and the letter clearly demonstrates that notice of Defendant's conduct was

19   sent on a ***class wide basis*** and provided notice under ***all*** state consumer protection statutes. Mot. at

20   14; ECF No. 13-2 (letter noting that Treehouse Law, LLP "write[s] on behalf of our Client, as well

21   as on behalf of all similarly situated consumers…" and that the letter provides "notice pursuant to all

22   other laws requiring pre-suit notice, including all state consumer protection statutes."). Still,

23   Defendant contends that it was initially informed of its alleged misconduct by a different consumer,

24   whose notice letter did not include any specific reference to the CLRA. However, courts have

25   recognized that notice by one consumer constitutes notice for all. *See, e.g., Asghari v. Volkswagen*

26   *Grp. of Am., Inc*., 42 F. Supp. 3d 1306, 1317 (C.D. Cal. 2013) ("When a named plaintiff provides

27   written notice to a defendant not only on his own behalf but on behalf of similarly situated consumers,

28   the named plaintiff's notice suffices to satisfy § 1782 for all class members."); *Harris v. McDonald's*

1   *Corp.*, No. 20-CV-06533-RS, 2021 WL 2172833, at *3 (N.D. Cal. Mar. 24, 2021) ("At least where

2   the putative class member giving notice and the named plaintiff subsequently filing suit are

3   represented by the same counsel, it would be meaningless to impose a requirement that the named

4   plaintiff serve a duplicate notice. This issue would not support dismissal.").

5          However, to the extent the Court finds that adequate notice was not provided, it should only

6   dismiss Plaintiff's *damages* claim under the CLRA *without prejudice*, sustain Plaintiff's claim for

7   injunctive relief under the CLRA, and give Plaintiff leave to amend to include a damages claim after

8   notice is provided and the 30-day cure period elapses.[6] *Deitz v. Comcast Corp.*, No. C 06-06352

9   WHA, 2006 WL 3782902, at *5 (N.D. Cal. Dec. 21, 2006); *see also* Cal. Civ. Code § 1782(d) ("an

10  action for injunctive relief brought under § 1770 may be commenced without compliance with the

11  notice requirements.").

12         **C.      Plaintiff Has Adequately Alleged His Express Warranty Claim**

13         In a simple regurgitation of its prior arguments, Defendant contends that Plaintiff's express

14  warranty claim should be dismissed because the combination of the promised dosage and the words

15  "Superior Absorption Curcumin" is not an affirmative misrepresentation. Mot. at 21. However, for

16  the same reasons discussed above, the two representations are reasonably read together as an

17  unequivocal claim that the Products contain the represented amount of curcumin per serving. *Hadley*

18  *v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1095 (N.D. Cal. 2017) ("[C]ourts in this district regularly

19  hold that stating a claim under California consumer protection statutes is sufficient to state a claim

20  for express warranty.") (citing *Tsan v. Seventh Generation, Inc.*, No. 15-CV-00205-JST, 2015 WL

21  6694104, at *7 (N.D. Cal. Nov. 3, 2015) (finding that because plaintiffs satisfied the reasonable

22  consumer standard with respect to their California consumer protection claims, the same "allegations

23  [we]re sufficient to state a claim for breach of express warranty")).

24         At the very least, as with Plaintiff's statutory false advertising claims, whether a challenged

25  representation constitutes an affirmation of fact, and therefore an express warranty, is normally a

26  _____

27  [6] Plaintiff sent a CLRA notice letter, on behalf of himself and all others similarly situated, to
    Defendant on March 23, 2023. *Patterson v. RW Direct, Inc.*, 2018 WL 6106379, at *3 (N.D. Cal.

28  Nov. 21, 2018) (Chhabria, J.) ("the Court does not interpret the CLRA to prevent a plaintiff from
    curing a notice defect, as [plaintiff] has done here."). To date, Defendant has not cured its misconduct.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

question of fact for the jury. *See McDonnell Douglas Corp. v. Thiokol Corp.*, 124 F.3d 1173, 1176 (9th Cir. 1997) ("[W]hether seller affirmed a fact amounting to an express warranty is a question of fact"). Thus, Plaintiff has adequately alleged his claim for breach of express warranty.

**D.      Plaintiff Adequately Alleges His Breach Of Implied Warranty Claim**

Defendant requests that the Court dismiss the implied warranty claim because Plaintiff has not alleged the Products do not possess even the most basic degree of fitness for ordinary use. Mot. at 22. But Defendant misunderstands Plaintiff's allegations and the relevant law. To state a claim for breach of implied warranty of merchantability, plaintiffs may allege under Cal. Com. Code § 2314(2)(c) ("§ 2314") that a product is not fit for its ordinary purpose ***or, alternatively***, under § 2314(2)(f), that it "do[es] not conform to the promises or affirmations contained on the container or label." *Morris v. Mott's LLP*, No. SACV1801799AGADSX, 2019 WL 948750, at *6 (C.D. Cal. Feb. 26, 2019) (citation omitted); *In re 5-Hour ENERGY Mktg. & Sales Pracs. Litig.*, No. MDL 13-2438-PSG-PLAx, 2017 WL 385042, at *12 (C.D. Cal. Jan. 24, 2017) ("[T]here are multiple prongs under which Plaintiffs can state an implied warranty claim under [California implied warranty law]."); *White v. Kroger Co.*, No. 21-CV-08004-RS, 2022 WL 888657, at *3 (N.D. Cal. Mar. 25, 2022) (same).

Here, Plaintiff has clearly alleged that the Products do not conform to the promises or affirmations of fact on their labeling. Compl. ¶¶ 76-78 ("Defendant has made an implied promise on the label of the Products that the Products contain a specific amount of curcumin per serving. However, Products contain far less curcumin per serving than what is promised") (citing § 2314(2)(f)). Thus, Plaintiff has adequately alleged that Defendant violated its implied warranty of merchantability under § 2314(2)(f). *Hadley,* 273 F. Supp. 3d at 1095 (denying motion to dismiss implied warranty claim, holding that "what statements constitute affirmations of fact is better suited for a determination following a motion to dismiss.").

**E.      Plaintiff's Unjust Enrichment Claim Survives**

Defendant also seeks to dismiss Plaintiff's unjust enrichment claim because it is not a standalone cause of action in California. Mot at 23. However, this is not a basis for dismissal because courts construe a claim for unjust enrichment as a quasi-contract claim seeking restitution. *See, e.g.,*

1   *Gagetta v. Walmart, Inc.,* No. 3:22-CV-03757-WHO, 2022 WL 17812924, at *10 (N.D. Cal. Dec.

2   19, 2022) (denying motion to dismiss unjust enrichment claim even though it is not a standalone

3   claim) (citing *Astiana v. Hain Celestial Grp., Inc.,* 783 F.3d 753, 762 (9th Cir. 2015)); *Beluca*

4   *Ventures LLC v. Aktiebolag,* No. 21-CV-06992-WHO, 2022 WL 3579879, at *4 (N.D. Cal. Aug. 19,

5   2022) (same, reasoning that "governing Ninth Circuit case law makes clear that an unjust enrichment

6   claim brought under California law may be construed as a quasi-contract claim seeking restitution");

7   *Hall*, 2014 WL 3779012, at *5 (same); *Rushing v. Williams-Sonoma, Inc.,* No. 16-CV-01421-WHO,

8   2016 WL 4269787, at *9 (N.D. Cal. Aug. 15, 2016) (same). As such, Defendant's Motion to Dismiss

9   as to the unjust enrichment claim, based on the assertion that California does not recognize the cause

10  of action, should be denied.

11       Equally unavailing is Defendant's argument that the claim should be dismissed because

12  "unjust enrichment [is] duplicative of other claims." Mot. at 23. Under Ninth Circuit law, that an

13  unjust enrichment claim is "duplicative of or superfluous to [plaintiff's] other claims" is "not grounds

14  for dismissal." *Astiana*, 783 F.3d at 762 (citing Fed. R. Civ. P. 8(d)(2)); *Lusson v. Apple, Inc.*, No.

15  16-CV-00705-VC, 2016 WL 10932723, at *3 (N.D. Cal. June 20, 2016) (Chhabria, J.) ("But the fact

16  that unjust enrichment allegations are 'duplicative of or superfluous to . . . other claims . . . is not

17  grounds for dismissal.'") (citing *Astiana*, 783 F.3d at 762). Indeed, "[w]hile restitution-seeking claims

18  may ultimately be inconsistent with tort claims of fraud, plaintiffs may bring both claims at this stage

19  of litigation." *Gagetta,* 2022 WL 17812924, at *10 (citing *Astiana* and denying motion to dismiss

20  unjust enrichment claim).

21       **F.      Plaintiff Has Standing To Pursue Injunctive Relief**

22       Defendant argues that Plaintiff does not have standing to pursue injunctive relief because he

23  is "now aware of a fact that renders it impossible to be misled in the future." Mot. at 23. But this

24  argument has been expressly rejected by the Ninth Circuit in *Davidson v. Kimberly-Clark Corp.*,

25  which has held that "[k]nowledge that the advertisement or label was false in the past does not equate

26  to knowledge that it will remain false in the future." 889 F.3d 956, 969-70 (9th Cir. 2018); *Lesh v.*

27  *DS Naturals, LLC*, No. 22-CV-01036-HSG, 2023 WL 2530986, at *3 (N.D. Cal. Mar. 15, 2023) ("In

28  the context of false advertising cases, the Ninth Circuit has confirmed 'that a previously

deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase.'") (quoting *Davidson*, 889 F.3d at 969).

Instead, "in the context of false advertising cases, the Ninth Circuit has explained that a plaintiff may establish the risk of future harm in two ways: (1) the consumer's plausible allegations that they will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although they would like to; or (2) the consumer's plausible allegations that they might purchase the product in the future, despite the fact it was once marred by false labeling because they may reasonably, but incorrectly, assume the product was improved." *Brown v. Natures Path Foods, Inc.,* No. 21-CV-05132-HSG, 2022 WL 717816, at *5 (N.D. Cal. Mar. 10, 2022) (citing *Davidson,* 889 F.3d at 969-70).

Plaintiff has adequately alleged standing for injunctive relief by alleging that: (1) Plaintiff would purchase the Products, as advertised, if they did in fact contain the represented amount of curcumin per serving; and (2) absent an injunction prohibiting Defendant's deceptive advertising, he will be unable to rely with confidence on Defendant's advertising of the Products in the future. Compl. ¶ 7. Following *Davidson,* courts in this District, including this Court, have consistently held that such allegations are sufficient to establish Article III standing for injunctive relief. *See, e.g., Locklin v. StriVectin Operating Co., Inc*., No. 21-CV-07967-VC, 2022 WL 867248, at *4 (N.D. Cal. Mar. 23, 2022) (Chhabria, J.) ("[Plaintiff] says that he would purchase StriVectin's sunscreen again were the 'reef safe' claim true. That is enough at this stage to meet Article III's bar.") (citing *Davidson*, 889 F.3d at 969); *Lesh,* 2023 WL 2530986, at *3; *Zeiger v. WETPET LLC*, No. 3:17-cv-04056-WHO, 2021 WL 756109, at *23 (N.D. Cal. Feb. 26, 2021); *Dailey v. A&W Concentrate Co*., No. 20-cv-02732-JST, 2021 WL 777114, at *1 (N.D. Cal. Feb. 16, 2021).

To the extent Defendant contends that Plaintiff can read the full label to determine the dosage of curcumin (Mot. at 24), this argument has been rejected. *See Schwartz v. Bai Brands, LLC*, No. CV 19-6249 FMO(RAOx), 2020 WL 5875019, at *7 (C.D. Cal. July 31, 2020) (rejecting the defendant's contention that the plaintiff does not have standing to pursue injunctive relief simply because a review of back label would reveal that lime still is not a "real fruit" ingredient as suggested by front of label);

*Shank v. Presidio Brands, Inc.*, No. 17-cv-00232-DMR, 2018 WL 1948830, at \*5 (N.D. Cal. Apr. 25, 2018) (finding standing for injunctive relief and that the plaintiff's "ability to read the products' ingredients does not render [the defendant's] allegedly false advertising … any more truthful") (internal quotation omitted); *Tucker v. Post Consumer Brands, LLC*, No. 19-cv-03993-YGR, 2020 WL 1929368, at \*6 (N.D. Cal. Apr. 21, 2020) (finding standing for injunctive relief and that "the onus" is not "on plaintiff to consult the ingredient list to try to discern" the actual contents of the allegedly mislabeled product); *Vizcarra v. Unilever United States, Inc.,* No. 4:20-CV-02777-YGR, 2020 WL 4016810, at \*6 (N.D. Cal. July 16, 2020) (same); *Moran v. Bondi Sands (USA) Inc*., No. 21-CV-07961-JSW, 2022 WL 1288984, at \*7–8 (N.D. Cal. Apr. 29, 2022) (same). In any event, as discussed above, the back label does little to clarify how much *curcumin* is in the Products.

As such, Plaintiff has Article III standing to pursue injunctive relief.

### G.   Plaintiff's Nationwide Claim For Unjust Enrichment Should Not Be Stricken

Lastly, Defendant contends that Plaintiff cannot bring nationwide claims for unjust enrichment because of purported "variation in state law related to unjust enrichment" and lack of standing to bring claims on behalf of other consumers across the nation. Mot. at 24. However, Defendant's attempt to strike Plaintiff's nationwide claim should be deferred until class certification. *White,* 2022 WL 888657, at \*3 ("Kroger's challenges to plaintiff's standing with respect to . . . his ability to represent a nationwide class [] represent matters that are better addressed at the class certification stage, notwithstanding the fact that in some circumstances they can be decided at the pleading stage."); *Moran v. Edgewell Pers. Care, LLC*, No. 21-CV-07669-RS, 2022 WL 3046906, at \*3 (N.D. Cal. Aug. 2, 2022) (same); *Forcellati v. Hyland's, Inc*., 876 F. Supp. 2d 1155, 1159 (C.D. Cal. 2012) ("Until the Parties have explored the facts in this case, it would be premature to speculate about whether the differences in various states' consumer protection laws are material in this case.").

Indeed, as this Court has noted, "whether a named plaintiff can represent class members whose claims arise under the laws of different states does not appear to be a question of standing" but rather whether plaintiff can "represent a class member who can raise such a claim[,]" which "will be addressed in connection with class certification." *Patterson,* 2018 WL 6106379, at \*1 (Chhabria, J.) (denying motion to dismiss nationwide claims for lack of standing); *Dean v. Colgate-Palmolive Co*.,

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

2015 WL 3999313, at *11–12 (C.D. Cal. June 17, 2015) ("In responding to similar motions to strike, courts have repeated that, 'Rule 23 is the better vehicle to test the propriety of class certification.'") (citation omitted); *In re Hydroxycut Mktg. and Sales Practices Litig.,* 801 F. Supp. 2d 993, 1005 (S.D. Cal. 2011) ("The constitutional issue of standing should not be conflated with Rule 23 class action requirements."); *Penikila v. Sergeant's Pet Care Prod.*, LLC, 442 F. Supp. 3d 1212, 1213 (N.D. Cal. 2020) ("Adjudication of the class claims may present complex choice-of-law questions, but those questions are beyond the scope of the standing inquiry.").

Moreover, "[b]efore discovery into the class, it is impossible for the Court to determine how many states' laws are implicated in this action, how many of those laws vary, and how many variances are material to the factors the Court will consider in deciding whether to certify the class." *Greene v. Gerber Prod. Co.*, 262 F. Supp. 3d 38, 80 (E.D.N.Y. 2017). Moreover, to the extent that the unjust enrichment laws of various states differ, Plaintiff "could seek to certify subclasses of putative class members from individual states or subclasses of class members from groups of states with consumer protection laws that are not materially different." *Forcellati*, 876 F. Supp. 2d at 1159 ("Additionally, once the relevant facts of the case have been explored during discovery, it is possible that Plaintiff could narrow or define the class in such a way at the class certification stage to make any differences between applicable laws immaterial.").

Lastly, courts can and have certified nationwide classes based on a common claim of unjust enrichment, even with minor variations among states regarding its elements. *See, e.g., Rapoport-Hecht v. Seventh Generation, Inc.*, No. 14-CV-9087 (KMK), 2017 WL 5508915, at *3 (S.D.N.Y. Apr. 28, 2017). The appropriate time to assess this question is at class certification. Accordingly, Plaintiff's nationwide claim for unjust enrichment should not be dismissed.[7]

---

[7] In any event, even if the Court were to address Defendant's arguments now, Defendant has not met its burden of demonstrating "variation in state law related to unjust enrichment," let alone "material" ones. Mot. at 24; *Bruno v. Quten Rsch. Inst., LLC,* 280 F.R.D. 524, 540 (C.D. Cal. 2011) ("Defendant has the burden of showing that there is an actual conflict between California and other law[,]" including "to convince this Court of 'material' differences in the law, as shown 'on the facts of this case.'") (citations omitted). As recognized in *Mazza v. Am. Honda Motor Co.*, "[t]he fact that two or more states are involved does not itself indicate that there is a conflict of law problem. A problem only arises if differences in state law are material, that is, if they make a difference in this

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

## VI.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion in its entirety.


Dated: April 7, 2023

<strong>TREEHOUSE LAW, LLP</strong>


By: */s/   Benjamin Heikali*
     Benjamin Heikali


Benjamin Heikali (SBN 307466)
Ruhandy Glezakos (SBN 307473)
Joshua Nassir (SBN 318344)
10250 Constellation Blvd., Suite 100
Los Angeles, CA 90067
Telephone: (310) 751-5948
bheikali@treehouselaw.com
rglezakos@treehouselaw.com
jnassir@treehouselaw.com

---

litigation." 666 F.3d 581, 590 (9th Cir. 2012). To meet its burden, Defendant must engage in an "analytically rigorous discussion . . . based on the facts and circumstances of this case, and this Plaintiff's allegations." *Forcellati*, 876 F. Supp. 2d at 1161. Here, Defendant simply makes the conclusory argument that variations in state unjust enrichment laws exist. Mot. at 24. Notably, nowhere does Defendant outline those specific differences, let alone discuss the facts of this case or event attempt to explain how, under the laws of each state, these facts lead to material differences in outcome. Such conclusory assertions do not suffice. *See, e.g., In re POM Wonderful LLC Mktg. & Sales Pratices Litig.*, No. MDL 2199, 2012 WL 4490860, at *3–4 (C.D. Cal. Sept. 28, 2012) (holding that although defendant's "chart summarizes each law's provisions regarding such elements as scienter, reliance, and timeliness, as well as remedies and defenses . . . [N]owhere does [defendant] apply the facts of this case to those laws or attempt to demonstrate, beyond citation to Mazza, that a true conflict exists."); *Forcellati v. Hyland's, Inc.*, No. CV 12-1983-GHK MRWX, 2014 WL 1410264, at *3 (C.D. Cal. Apr. 9, 2014) ("the broad statement that 'each of the 50 states has an interest in … protecting its consumers and setting limits on when businesses may be sued … is not enough").