UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DIGIACINTO,<br><br>    Plaintiff,<br><br>        v.<br><br>EUROPHARMA, INC.,<br><br>    Defendant. | Case No.  23-cv-00076-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 13 |

This order assumes the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

DiGiacinto alleges that a reasonable consumer would look at EuroPharma's supplement's label, see "750mg" (or another size) in a circle in the upper-left corner, see the statement "SUPERIOR ABSORPTION CURCUMIN" in a band across the middle, and conclude that the product provides 750 milligrams of curcumin per softgel. That conclusion would be wrong because that number refers to the amount of the proprietary complex in the softgels, not the amount of curcumin each delivers. Therefore, according to DiGiacinto, the consumer would be unlawfully misled.

That straightforward story does not account for the rest of the front label, and it therefore does not sufficiently allege that "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016). Considering first the "general consuming public" with only a passing acquaintance with supplements, the complaint does not allege why a significant portion of those consumers would be misled because it focuses narrowly on only two elements of

the front label. For example, it seems that a given consumer would be on notice that "superior absorption curcumin" is probably not pure curcumin. (Can it have superior absorption properties if it's just plain curcumin?) Similarly, the front of the packaging also proudly advertises the contents as being "clinically studied curcumin with turmerones." It seems a reasonable consumer might understand that to mean that the supplements contain both curcumin and turmerones, and therefore that the 750-milligram amount is not measuring curcumin alone. Instead of explaining how a reasonable consumer would interpret these other features of the front label such that they would still be misled, the complaint merely asserts that the number of milligrams and the word "curcumin"—which are not next to each other—amount to an "unequivocal representation[]" that the product delivers 750 milligrams of curcumin. Compl. ¶ 20.

Nor does the complaint explain why a significant portion of "targeted consumers" possessing more familiarity with supplements would be misled. EuroPharma argues that such an audience would know that curcumin tablets can never be pure curcumin, and so wouldn't assume the milligram label referred to the amount of curcumin. Whether or not that argument is true, it highlights the deficiency of the complaint: The front label is not as facially misleading as DiGiacinto would have it, and the complaint does not explain how a significant proportion of either the "general consuming public" or "targeted consumers" would be misled.

Sometimes the front of a label is so misleading that it is actionable even if the fine print or the nutrition panel sets the record straight. *Williams v. Gerber Products Co.*, 552 F.3d 934, 939 (9th Cir. 2008); *Brady v. Bayer Corp.*, 26 Cal. App. 5th 1156, 1172 (2018); *Locklin v. StriVectin Operating Company, Inc.*, No. 21-cv-7967, 2022 WL 867248, at *3–4 (N.D. Cal. Mar. 23, 2022). That's because "reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging." *Williams*, 552 F.3d at 939–40. An accurate ingredient list therefore cannot provide safe harbor when it "contradict[s]" the front label. *Brady*, 26 Cal. App. 5th at 1172. But that logic only holds for labels that "take away in the back fine print what [they] gave on the front." *Id.* Where the plaintiff has not adequately alleged that the front label is itself misleading, the fine

print or the nutrition panel do not "contradict" that front label but instead clarify it. That appears to be true here: The nutrition panel specifies that the 750 milligrams are of the company's "Proprietary Complex," making it even less reasonable for a consumer (whether "general" or "targeted") to believe that the product contains 750 milligrams of curcumin.[1] The UCL, FAL, and CLRA claims are therefore dismissed for failure to state a claim.

The express warranty claim fails because the product does not make an untrue statement. The implied warranty of merchantability claim fails because the product is not so unfit for its basic purpose as to be unmerchantable. The unjust enrichment claim is dismissed because it must rise or fall with the other claims.

Although it is difficult to see how the complaint could be amended to state a claim, in an abundance of caution dismissal is with leave to amend. Any amended complaint is due within 21 days of this order, or dismissal will be with prejudice.

**IT IS SO ORDERED.**

Dated: May 25, 2023

VINCE CHHABRIA
United States District Judge

---

[1] The full label was provided by EuroPharma at Dkt. No. 13-4, and is appropriate to consider because it's incorporated by reference in the complaint. The rest of EuroPharma's request for judicial notice is denied because the other documents are not necessary for resolving the motion, even if they were appropriate subjects of judicial notice. DiGiacinto's motion for leave to file supplemental authority is also denied.

3